# United States Court of Appeals for the Federal Circuit

---

**ABIGAIL STRATTON**
*Petitioner-Appellee*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellant*

---

2023-2230

---

Appeal from the Court of Federal Claims in No. 20-1515V, Judge Carolyn N. Lerner.

---

Decided: June 6, 2025

---

ANDREW D. DOWNING, Brueckner Spitler Shelts PLC, Scottsdale, AZ, argued for petitioner-appellee Abigail Stratton.

VORIS E. JOHNSON, JR., Torts Branch, Civil Division, United States Department of Justice, Washington DC, argued for respondent-appellant Secretary of Health and Human Services. Also represented by BRIAN M. BOYNTON, C. SALVATORE D'ALESSIO, AND HEATHER L. PEARLMAN.

---

Before TARANTO, HUGHES, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

This appeal arises from the Chief Special Master's award of attorneys' fees and costs for Abigail Stratton's vaccine injury compensation claim under the Vaccine Act, which was affirmed-in-part and reversed-in-part by the Court of Federal Claims. *Stratton v. Sec'y of Health & Hum. Servs.*, No. 20-1515V, 2023 WL 2337224 (Fed. Cl. Spec. Mstr. Mar. 3, 2023) ("*Special Master Decision*"); *Stratton v. Sec'y of Health & Hum. Servs.*, No. 20-1515 (Fed. Cl. May 31, 2023) ("*Decision*").[1] For the reasons below, we vacate and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On November 2, 2020, Ms. Stratton filed a petition with the Office of Special Masters pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to –34 ("the Vaccine Act"). *Decision* at 1; J.A. 25–29. The Vaccine Act allows claimants to seek compensation for alleged vaccine-related injuries. 42 U.S.C. § 300aa–11(a). A petitioner seeking compensation for an injury not listed in the Vaccine Injury Table must prove actual causation by a preponderance of the evidence. 42 U.S.C. § 300aa–11(c)(1)(C)(ii)(I); *Hines ex rel. Sevier v. Sec'y of Health & Hum. Servs.*, 940 F.2d 1518, 1524–25 (Fed. Cir. 1991).

The Vaccine Act provides for awards of reasonable attorneys' fees and costs for claimants who establish entitlement to compensation. 42 U.S.C. § 300aa–15(e)(1). In

---

[1] Citations in this opinion are to the version of the Court of Federal Claims decision included in the Joint Appendix. *See* J.A. 9–18. For example, *Decision* at 1 is found at page 9 of the Joint Appendix.

cases where the Court of Federal Claims does not award compensation, the special master or court may still award attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." *Id.*

In her petition, Ms. Stratton alleged that receiving the Gardasil® vaccine for human papillomavirus ("HPV") caused her to develop postural orthostatic tachycardia syndrome ("POTS") and autonomic dysfunction. J.A. 26–27 ¶¶ 3–9; *Decision* at 1. Neither of these conditions are listed in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa–14(a); 42 C.F.R. § 100.3(a). Intending to pursue her claim in federal district court rather than litigating it at the Court of Federal Claims, Ms. Stratton filed a Notice of Intent to Withdraw on July 6, 2021. *Decision* at 2; J.A. 21. The Chief Special Master granted the motion to withdraw and concluded the proceedings on the merits of the petition on July 8, 2021. *Stratton v. Sec'y of Health & Hum. Servs.*, No. 20-1515V, 2021 WL 3370165, at *1 (Fed. Cl. July 8, 2021); *see Special Master Decision* at *1.

On July 12, 2021, Ms. Stratton moved for attorneys' fees and costs. *Special Master Decision* at *1; J.A. 184–91. The Secretary of Health and Human Services ("Secretary") opposed her motion, arguing that Ms. Stratton's fee application should be rejected because she did not file her petition with the good faith intent of litigating the claim and because there was no reasonable basis for her claim. *Special Master Decision* at *1; J.A. 192–203. On February 9, 2023, the Chief Special Master concluded that Ms. Stratton had satisfied both the good faith and the reasonable basis requirements and awarded her partial fees. *Special Master Decision* at *1–5.

The Secretary filed a motion for review of the Chief Special Master's decision to award fees and costs. *Decision* at 3–4. The Court of Federal Claims denied the Secretary's

motion, concluding that the Chief Special Master's finding of a reasonable basis was not arbitrary and capricious because Ms. Stratton presented at least some medical records indicating that she reported symptoms post-vaccination and was diagnosed with POTS. *Id.* The Court of Federal Claims also granted-in-part and denied-in-part Ms. Stratton's motion for review regarding the amount of the fees awarded by the Chief Special Master and denied her motion for disqualification of the Chief Special Master. *Id.* at 4–9. The Court of Federal Claims ultimately awarded $8,876.86 for attorneys' fees and costs. *Id.* at 10.

The Secretary appealed. We have jurisdiction under 42 U.S.C. § 300aa–12(f).

## II. Standard of Review

We review a decision of a special master "under the same standard as the Court of Federal Claims and determine[] if the decision is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1383–84 (Fed. Cir. 2011) (quoting *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008)); *see* 42 U.S.C. § 300aa–12(e)(2)(B). "While review of the factual findings made by a special master is highly deferential, both this court and the Court of Federal Claims have a duty to ensure that the special master has properly applied Vaccine Act evidentiary standards, 'considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for [his] decision.'" *Paluck v. Sec'y of Health & Hum. Servs.*, 786 F.3d 1373, 1380 (Fed. Cir. 2015) (alteration in original) (internal citation omitted) (quoting *Hines,* 940 F.2d at 1528).

## III. Discussion

The Secretary argues that the Chief Special Master failed to adequately explain his determination that

Ms. Stratton's petition had a reasonable basis.[2] *See, e.g.*, Appellant's Br. 25; Appellant's Reply Br. 10–11. We agree.

To obtain attorneys' fees pursuant to a Vaccine Act claim, the petitioner must have a reasonable basis to support all the elements of the claim for which the petition is brought, including causation. *Cottingham ex rel. K.C. v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1345–46 (Fed. Cir. 2020) (citing 42 U.S.C. §§ 300aa–11(c)(1), 300aa–15(e)(1)). "[M]ore than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Id.* at 1346; *see Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938) (explaining that "substantial evidence" requires "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

Here, the Chief Special Master failed to sufficiently explain his conclusion that Ms. Stratton had a reasonable basis for her petition. The Chief Special Master noted that the Secretary raised several issues with Ms. Stratton's claims, including that "1) the medical records do not sufficiently support Petitioner's alleged symptoms; 2) Petitioner's treating doctors did not opine that Petitioner's HPV vaccine caused or contributed to Petitioner's problems; and 3) Petitioner's affidavit should be afforded no weight due to its omissions and lack of detail." *Special Master Decision* at *3 (internal citations omitted). The Chief Special Master agreed that the Secretary's "skepticism of the claim's likelihood of success is reasonable," but nevertheless dismissed those concerns on the grounds "that reasonable basis is a notably easy-to-satisfy evidentiary standard." *Id.* The Chief Special Master's decision

---

[2] The Secretary does not challenge the determination that Ms. Stratton filed her claim in good faith. Appellant's Br. 17 n.11.

essentially provides only one sentence of analysis: "[w]hile the issues raised by [the Secretary] would more likely than not have prevented [Ms. Stratton] from obtaining compensation, [Ms. Stratton] has filed sufficient medical records to satisfy the exceedingly low evidentiary standard at play here." *Id.*

Even if the reasonable basis standard does not present a high bar, this sentence provides little insight into why the Chief Special Master reached his conclusion that the standard was met. *See, e.g.*, Oral Arg. 32:25–29, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-2230_09042024.mp3 (Ms. Stratton's counsel conceding that this explanation is "not very illuminating"). Notably, the Chief Special Master acknowledged that the Secretary presented reasonable concerns about Ms. Stratton's medical records and whether they were sufficient to support her claim. *Special Master Decision* at *3. The Chief Special Master failed to explain why the medical records provided a reasonable basis for Ms. Stratton's claim even accounting for these concerns. *Cf. SeAH Steel VINA Corp. v. United States*, 950 F.3d 833, 847 (Fed. Cir. 2020) (finding a determination to be "without reasonable basis" when it failed to "[t]ake into account whatever in the record fairly detracts from" the weight of the evidence (citation omitted)). The only rationale provided to brush aside these concerns is the conclusory assertion that the medical records are sufficient evidence. Thus, "we cannot reasonably discern whether [the Chief Special Master] followed a proper path" in rejecting these concerns and determining that Ms. Stratton had a reasonable basis for her petition. *Alacritech, Inc. v. Intel Corp.*, 966 F.3d 1367, 1371 (Fed. Cir. 2020).

Given the failure to explain why the evidence in the record was sufficient to provide a reasonable basis for Ms. Stratton's claim, the Chief Special Master's decision is inadequate for appellate review. *See Istivan v. United States*, 689 F.2d 1034, 1038–39 (Ct. Cl. 1982) (setting aside an unexplained opinion as "arbitrary and capricious"

because "'[a] naked conclusion and mere recitation that the opinion is based upon all of the evidence without an analysis of the evidence in writing is inimical to a rational system of administrative determination and ultimately inadequate.'" (ellipsis omitted) (quoting *Beckham v. United States*, 392 F.2d 619, 622–23 (Ct. Cl. 1968))); *Paluck*, 786 F.3d at 1380 (noting the requirement that a special master "articulate[] a rational basis for [his] decision" (second alteration in original) (quoting *Hines,* 940 F.2d at 1528)); *see, e.g.*, *Alacritech*, 966 F.3d at 1372 ("[A]lthough our review under the APA is deferential, that 'does not relieve the agency of its obligation to develop an evidentiary basis for its findings.'" (quoting *TQ Delta, LLC v. Cisco Sys., Inc.*, 942 F.3d 1352, 1358 (Fed. Cir. 2019))). We vacate and remand for the Chief Special Master to readdress the reasonable-basis issue.[3]

## IV. Conclusion

We have considered Ms. Stratton's remaining arguments and find them unpersuasive. For the reasons set forth above, we conclude that the Chief Special Master did not adequately explain his finding that Ms. Stratton satisfied the reasonable basis standard. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

Costs

No costs.

---

[3] To be clear, we express no opinion on whether the Chief Special Master's decision was correct or incorrect. We do not reach the Secretary's argument that the objective record evidence does not establish a reasonable basis for Ms. Stratton's claim. Appellant's Br. 26–31.